## IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| MIKE SHALES, JOHN BRYAN Sr., AL OROSZ, DAN BREJC, TOBY KOTH and VERN BAUMAN as Trustees of THE FOX VALLEY LABORERS' HEALTH AND WELFARE FUND, <br><br> and <br><br> MIKE SHALES, JOHN BRYAN Sr., AL OROSZ, TOBY KOTH, VERN BAUMAN and DAN BREJC as Trustees of THE FOX VALLEY LABORERS' PENSION FUND, <br><br> Plaintiffs, <br><br> v. <br><br> WHEATLAND CONCRETE, INC., and ALLEN GIBSON, individually, <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |

FILED: JUNE 25, 2008
08CV3637
JUDGE HOLDERMAN
MAGISTRATE JUDGE DENLOW

PH

Case No.:

Judge:

### COMPLAINT

Plaintiffs MIKE SHALES, JOHN BRYAN, Sr., AL OROSZ, DAN BREJC, TOBY KOTH and VERN BAUMAN as Trustees of THE FOX VALLEY LABORERS' HEALTH and WELFARE FUND ("Welfare Fund") and MIKE SHALES, JOHN BRYAN Sr., AL OROSZ, TOBY KOTH, VERN BAUMAN and DAN BREJC as Trustees of THE FOX VALLEY LABORERS' PENSION FUND ("Pension Fund") (collectively, "the Funds"), through their attorneys, Dowd, Bloch & Bennett, by way of their complaint against Defendant WHEATLAND CONCRETE, INC., and ALLEN GIBSON, individually, state as follows:

**COUNT I**
**FAILURE TO PAY EMPLOYEE BENEFIT FUND CONTRIBUTIONS AND**
**FAILURE TO PAY INDUSTRY FUND CONTRIBUTIONS**
**WHEATLAND CONCRETE, INC.**

1.      The Funds are multiemployer benefit plans within the meaning of Sections 3(3) and 3(37) of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. §1002(3) and (37A).  The Trustees and the Funds maintain offices and conduct business within this district.  The Funds are agents for the purpose of collecting employer contributions required to be paid on behalf of the Apprentice Fund, the Concrete Contractors Association of Greater Chicago, the Safety Fund and CISCO Fund, (collectively, "the Affiliated Organizations").

2.      Defendant WHEATLAND CONCRETE, INC. (herein "Defendant Company"), is an Illinois corporation that does business within this district and is an employer within the meaning of ERISA Section 3(5), 29 U.S.C. §1002(5), and Section 101 of the Labor Management Relations Act ("LMRA"), 29 U.S. C. § 152(2).

3.      Jurisdiction and venue are vested in this Court under ERISA Sections 502(e)(1) and (2), 29 U.S.C. §1132(e)(1) and (2), and LMRA Sections 301(a) and (c), 29 U.S.C. §185(a)&(c).

4.      The Construction and General Laborers' District Council of Chicago and Vicinity ("District Council") is a labor organization within the meaning of the LMRA Section 101, 29 U.S.C. § 152(5), that maintains its principal offices in this district.

5.      The District Council and the Defendant Company are now and at all relevant times have been parties to successive collective bargaining agreements (herein "Agreement"), which obligate the Defendant Company to make monthly contributions to the Funds on behalf of its employees covered by the Agreement for health and welfare, pension benefits and for deductions and

contributions for the Affiliated Organizations; the Agreement also requires the Defendant Company to submit monthly remittance reports in which the Defendant Company, *inter alia,* identifies the employees covered under the Agreement and the amount of contributions remitted to the Funds and the Affiliated Organizations on behalf of each covered employee.

6.      Pursuant to the Agreement, the Defendant Company must also pay contributions for each hour worked by its employees to the Affiliated Organizations.  The Defendant Company is required to remit contributions for the Affiliated Organizations along with a remittance report. Employers who fail to report and/or remit contributions are liable to pay an additional 10% in liquidated damages and all costs of collection, including reasonable attorneys' fees, and court costs.

7.      Pursuant to the Agreement, the Defendant Company must also pay contributions for each hour worked by its employees to the Funds.  The Defendant Company is required to remit contributions for the Funds along with a remittance report.  Employers who fail to report and/or remit contributions are liable to pay interest on the delinquent contributions, an additional 10% in liquidated damages, which increases to 20% once a lawsuit is filed, and all costs of collection, including reasonable attorneys' fees, and costs.

8.      Notwithstanding its obligations under the Agreement, the Defendant Company has failed to timely report and pay contributions owed to the Funds and the Affiliated Organizations from April 2008 and continuing through the present, thereby depriving the Funds and the Affiliated Organizations of contributions, income and information needed to administer the Funds, and jeopardizing the welfare and pension benefits of participants and beneficiaries.

9.      Since at least April 2008, the Defendant Company has employed employees who performed work covered by the Agreement.

3

10.     In addition, the Defendant Company owes outstanding late fees totaling $290.29 for its untimely remittance of its dues and reports for prior months, which remain unpaid.

11.     All conditions precedent to requiring the timely payment of contributions and submission of reports to the Funds have been met.

12.     The Defendant Company's failure to make timely reports and contributions violates ERISA Section 515, 29 U.S.C. §1145, and LMRA Section 301, 29 U.S.C. §185.

13.     Under ERISA Section 502(g)(2), 29 U.S.C. §1132(g)(2), the terms of the Agreement, and the Funds' governing trust documents, the Defendant Company is liable to the Funds for unpaid contributions, interest, liquidated damages in the amount of 20%, and reasonable attorneys' fees and court costs.

14.     The Defendant Company's obligations under the Agreement are continuing, and for each month it continues to be delinquent, contributions will be due and owing to the Funds and interest on the unpaid contributions will continue to accrue until payment is made.

15.     Under ERISA Section 502(g)(2), 29 U.S.C. § 1132(g)(2), the terms of the Agreement, and the Affiliated Organizations' governing trust documents, the Defendant Company is liable to the Affiliated Organizations for unpaid contributions, interest, liquidated damages in the amount of 10%, and reasonable attorneys' fees and court costs.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully request a judgment against WHEATLAND CONCRETE, INC., as follows:

>    1.     Finding that WHEATLAND CONCRETE, INC., violated the Agreement;

4

2.     Finding that WHEATLAND CONCRETE, INC., is liable to the Funds and Affiliated Organizations for the delinquent contributions owed to date, interest, liquidated damages, attorneys' fees and court costs;

3.     Ordering WHEATLAND CONCRETE, INC., to pay to Plaintiffs all delinquent contributions to date, all accrued delinquencies prior to and after the filing of this suit, interest and liquidated damages;

4.     Ordering WHEATLAND CONCRETE, INC., to pay to Plaintiffs all reasonable attorneys' fees and costs  incurred in pursuing collections; and

5.     Granting all such other legal and equitable relief as the Court deems just and proper.

**COUNT II**
**BREACH OF LABOR AGREEMENT**
**FAILURE TO POST BOND**
**WHEATLAND CONCRETE, INC.**

16.     Plaintiffs re-allege and incorporate by reference paragraphs 1 through 15 of Count I as paragraphs 1 through 15 of Count II.

17.     District Council is an unincorporated labor organization, commonly known as a labor union, that maintains its principal offices in this district.

18.     Defendant WHEATLAND CONCRETE, INC. (the "Defendant Company"), is a corporation that maintains offices and conducts business within this District.

19.     The Defendant Company is a signatory to the Joint Agreement (the "Agreement") between the Concrete Contractors Association of Greater Chicago and the District Council.

20.     Article IX of the Agreement provides that all employer-signatories to the

Agreement must procure, carry and maintain a surety bond in an amount satisfactory to

the District Council, but not less than the sum of $5,000 to guarantee the payment of

wages as well as Pension and Welfare Trust contributions, during the terms of the

Agreement.

21.     The Funds, as a beneficiary of the bond, have been authorized to enforce

the bond provision of the Agreement by the District Council.

22.     Pursuant to the Agreement, the amount of the bond is based on the size of

the employer's work force and is graduated up for employers with seven or more

bargaining unit employees.

23.     The Funds' collection procedures also provide that each employer is

required to provide the Funds and/or the Union with a surety bond to guarantee the

payment of wages and fringe benefit contributions.

24.     In accordance with the Agreement and/or the Funds' collection procedures

and based on the Defendant Company's work force, the Defendant Company is required

to post a surety bond must in the amount of $25,000.

25.     The form of the bond that is required by the Funds and the District

Council is attached as Exhibit A.

26.     Under the terms of the Funds' collection procedures, if an employer

fails to provide a bond as required, it is required to pay all of the costs, including

attorneys' fees, incurred in seeking the compel the bond.

27.     On or about February 22, 2008 and April 15, 2008, the Funds' attorneys

notified the Defendant Company by letter that it was required to provide a bond in the

amount required by the Agreement and the Funds' collection procedures.

28.      Notwithstanding its obligation to do so and the notifications from the

Funds' attorneys, the Defendant Company has failed to post the required bond.

29.      Failure to post the $25,000 bond constitutes a breach of the Defendant

Company's collective bargaining agreement, and puts the Funds, the District Council and

its members, at risk that obligations owed by the Defendant Company will  not be met

because the security required by the Agreement is not available.

WHEREFORE, based on Count II of this Complaint, Plaintiffs respectfully

request this Court to enter judgment against Defendant WHEATLAND CONCRETE,

INC., as follows:

1.      Ordering WHEATLAND CONCRETE, INC., to obtain and provide the
         Plaintiffs with a  $25,000 bond in the form provided in Exhibit A or, in the
         alternative, to provide a payment to Funds in the amount of $25,000 to be
         held as a cash bond;

2.      Ordering WHEATLAND CONCRETE, INC., to reimburse the Plaintiffs
         for all legal fees and costs incurred  in pursuing this action; and

3.      Granting such other relief as this Court deems just and proper.

## COUNT III

### WHEATLAND CONCRETE, INC., and ALLEN GIBSON, individually, VIOLATED THE ILLINOIS WAGE PAYMENT AND COLLECTION ACT BY DEDUCTING AND FAILING TO REMIT WAGES

30.      Plaintiffs re-allege and incorporate by reference paragraphs 1 through 29

of Counts I and II as paragraphs 1 through 29 of Count III.

31.      District Council is an unincorporated labor organization, commonly

known as a labor union, that maintains its principal offices in this District and has

expressly authorized the Plaintiffs to collect union dues on its behalf.

32.    Defendant WHEATLAND CONCRETE, INC., (the "Defendant

Company"), is a corporation that maintains offices and conducts business within this

District.

33.    Defendant ALLEN GIBSON (hereinafter "Gibson"), individually, resides

in this District and is the principal officer and, on information and belief, owner of the

Defendant Company.

34.    This Court has supplemental jurisdiction over Count III, which alleges a

state law claim, pursuant to 28 U.S.C. § 1367.

35.    Venue is properly vested in the District Court for Count III, pursuant to 28

U.S.C. § 1391(b).

36.    At all material times, the Defendant Company's employees performed

work for the Company and earned wages.

37.    Upon information and belief, each of the Defendant Company's employees

executed written assignments authorizing and directing the Defendant Company to

withhold moneys from their wages for remittance to the District Council in satisfaction of

union dues and fee obligations.

38.    Upon information and belief, since at least April 2008 pursuant to the

wage assignments, the Defendant Company deducted money from the employees' wages,

but failed to properly remit those amounts to the District Council.

39.    The District Council demanded payment of the moneys deducted from the

employees' wages and withheld by the Defendants.  Defendants either failed to return

those moneys to Plaintiff on a timely basis or failed to submit those moneys to Plaintiff at all.

40.     Defendant Company's conduct violates the Illinois Wage Payment and Collection Act, 820 ILCS 115/1, et seq.

41.     At all material times, Gibson acted directly in the interest of the Defendant Company in relation to its employees.

42.     Upon information and belief, at all material times, Gibson controlled the terms and conditions of employment of Defendant Company's employees and exercised control over the payment of wages and the withholding of moneys from employees' wages.

43.     Upon information and belief, at all material times, Gibson controlled all disbursements made by Defendant Company, including the issuance of payroll checks and dues remittance checks.

44.     Upon information and belief, Gibson knowingly permitted Defendant Company to retain the wages withheld from each employee's paycheck rather than tendering such funds to the District Council.

45.     Upon information and belief, Gibson personally and actively conducted or participated in the actions of Defendant Company alleged above causing injury to the District Council.  Gibson, therefore, is an employer under the Illinois Wage Payment and Collection Act, 820 ILCS 115/13, and is personally liable for the failure to properly deduct moneys from employees' wages and remit those moneys to the District Council for payment of union dues.

**PRAYER FOR RELIEF**

WHEREFORE, based on Count III of this Complaint, Plaintiffs respectfully

request this Court to enter judgment against Defendants WHEATLAND CONCRETE,

INC., and ALLEN GIBSON, individually, as follows:

    (a)    finding that WHEATLAND CONCRETE, INC., and ALLEN
GIBSON, individually, violated the Illinois Wage Payment and
Collection Act;

    (b)    ordering WHEATLAND CONCRETE, INC., and ALLEN
GIBSON, individually, jointly and severally, to pay the Plaintiffs
all moneys that they failed to properly withhold and remit to the
District Council, plus interest;

    (c)    ordering WHEATLAND CONCRETE, INC., and ALLEN
GIBSON, individually, jointly and severally, to pay the District
Council's costs in connection with its efforts to recover the money
it was deprived, including the Plaintiffs' reasonable attorneys' fees
and costs pursuant to the Attorneys Fees in Wage Actions Act, 705
ILCS 225/1; and

    (d)    granting all other such legal and equitable relief as the Court deems
just and proper.

**COUNT IV**
**CONVERSION CLAIM AGAINST**
**WHEATLAND CONCRETE, INC., and ALLEN GIBSON, individually**

46.    Plaintiffs reallege and incorporate by reference paragraphs 1 through 45 of Counts

I, II and III as paragraphs 1 through 45 of Count IV.

47.    Upon information and belief, pursuant to the wage assignments executed by each

of Defendant Company's employees, the District Council has a right to all wages deducted from

employees' wages for remittance to the District Council as union dues and fees.

48.    After the Defendant Company deducted and withheld money from its employees' wages assigned by the employees to the District Council for payment of union dues and fees, the District Council had an absolute right to immediate possession of those moneys.

49.    After Defendant Company withheld wages from its employees wages assigned by the employees to the District Council for payment of union dues and fees, Defendant Company was without right or authorization to possess those moneys.

50.    Upon information and belief, since at April 2008, the Defendant Company deducted and withheld moneys from employees' wages for union dues and fees, but the Defendant Company did not remit that money to the District Council, and Defendant Company appropriated that money for its own use and benefit; and thereby permanently deprived the District Council of its property.

51.    Plaintiff has made demand for possession of the monies, but the Defendant Company has not turned over the amounts deducted from the employees' wages.

52.    Through the acts and conduct alleged above, the Defendant Company wrongfully converted the District Council's property and may justly be required to pay to the District Council the full value of that property.

53.    Upon information and belief, Gibson personally withheld moneys from the wages of the employees or personally caused another to withhold those monies. After the withholding of the employees' wages assigned to the District Council as union dues and fees, the District Council had an absolute right to immediate possession of those monies.

54.    Upon information and belief, Gibson knowingly failed to remit to the District Council monies withheld from the employees' wages, or personally caused another to fail to

remit those monies to the District Council following the withholding of those monies.

MACDONALD was without right or authorization to possess those monies.

55.    Upon information and belief, Gibson appropriated, for his own use and benefit,

the monies withheld from the employees' wages.

56.    Plaintiff has made demand for possession of the monies, but Gibson has not

turned over the amounts deducted from employees wages.

57.    Through the acts and conduct alleged above, Gibson wrongfully converted the

District Council's property and may justly be required to pay to the District Council the full

value of that property.

**PRAYER FOR RELIEF**

WHEREFORE, based on Count IV of this Complaint, Plaintiffs respectfully request this

Court to enter judgment against WHEATLAND CONCRETE,  INC., and ALLEN GIBSON,

individually, as follows:

>    (a)    Finding that WHEATLAND CONCRETE,  INC., and ALLEN
>           GIBSON, personally and individually, wrongfully converted the
>           District Council's property;
>
>    (b)    Ordering WHEATLAND CONCRETE,  INC., and ALLEN
>           GIBSON, individually, jointly and severally, to pay the Plaintiffs
>           all monies that they failed to properly withhold and remit to the
>           District Council, including interest;
>
>    (c)    Ordering WHEATLAND CONCRETE,  INC., and ALLEN
>           GIBSON, individually, jointly and severally, to pay the District
>           Council's costs in connection with its efforts to recover the money
>           it was deprived, including reasonable attorneys' fees and costs; and
>
>    (d)    Granting all other such legal and equitable relief as the Court

deems just and proper.

Respectfully submitted,


/s/LaKisha M. Kinsey-Sallis
LaKisha M. Kinsey-Sallis
One of Plaintiffs' Attorneys


J. Peter Dowd
Michele M. Reynolds
LaKisha M. Kinsey-Sallis
Steve W. Jados
DOWD, BLOCH & BENNETT
8 S. Michigan Avenue--19th Floor
Chicago, IL 60603
(312) 372-1361

08CV3637
JUDGE HOLDERMAN
MAGISTRATE JUDGE DENLOW

PH

# EMPLOYER'S BOND

**KNOW ALL PEOPLE BY THESE PRESENTS**, that we _____

_____, a _____,
    (name of employer)                (indicate corporation, partnership, or sole proprietor)

of _____, Illinois, herein called the "Principal," and

_____, herein called the "Surety," are hereby held
    (name of bonding company)

and firmly bound unto the various fringe benefit and industry funds identified in the collective

bargaining agreement between the Construction and General Laborers District Council of

Chicago and Vicinity, affiliated with the Laborers' International Union of North America (the

"Union") and the Principal and any successor collective bargaining agreements, all of which

funds are collectively referred to as the "Funds"; unto the Union; and unto all individuals

employed by the Principal and represented for collective bargaining purposes by the Union,

referred to as the "Union Employees" (the Funds, the Union, and the Union Employees are

collectively referred to as the "Obligees") in the

penal sum of _____ Dollars ($_____), for the
              (amount – written out)                        (amount)

obligations and undertakings hereinafter set forth, for the payment of which, well and truly to be

made, we hereby jointly and severally bind ourselves, our successors, assigns, heirs, executors,

and administrators.

       Signed and sealed and dated on this _____ day of _____, _____.

       **WHEREAS,** the above named Principal is employing or proposes to employ employees
in a bargaining unit represented by the Union for the purpose of performing certain work as
defined in a collective bargaining agreement between the Principal and the Union;

## EXHIBIT A

**NOW, THEREFORE,** the conditions of this bond are such that if the Principal shall well and faithfully pay the wages due to the Union Employees with respect to the work performed by the Union Employees, the contributions due to the Funds, the dues due to the Union, any interest, liquidated damages, attorneys' fees, and/or costs that may become due, and such other amounts as the Principal may be required to pay to the Obligees, or to any of them, pursuant to the collective bargaining agreement between the Principal and the Union or pursuant to the rules and regulations of any or all of the Funds, then this obligation shall be void; otherwise it shall remain in full force and effect. This obligation of the Principal and Surety shall be joint and several.

If Surety is required to make payment to the Obligees pursuant to the bond, Surety shall have no claim or right of any sort against Obligees.

In the event that the aggregate amount due the Obligees shall exceed the amount of this bond, then the claims of the various Obligees shall be satisfied on a pro rata basis, proportionate to the amount of each Obligee's claim. Any disputes as to the proper distribution in such circumstances, and any disputes regarding the Principal's obligations to the Obligees, shall be resolved in accord with the dispute resolution mechanisms of the collective bargaining agreement between the Principal and the Union.

The Surety shall pay any claim made by the Obligees under this bond within 30 days from receipt of the claim. Should the Surety fail to issue payment within 30 days from receipt of a claim, the Surety shall be liable for the claimed amount and any reasonable attorneys' fees and costs incurred by Obligees in enforcing this bond.

This Bond may be canceled by the Surety 120 days after receipt by the Obligees of the Surety's written notice of cancellation by registered or certified mail.

PRINCIPAL                                              SURETY


_____          _____




By:_____          By:_____
Agent                                                       Attorney-In-Fact


_____          _____

A Power of Attorney and Notarial Acknowledgement must be submitted with this bond.